IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| SEAN EDWARD MEEHAN and TAMARA MICHELE MEEHAN, individually, and SEAN EDWARD MEEHAN as the parent, next friend, and natural guardian of L.M., a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>R&L BELL TRUCKING, LLC, RONALD DOUGLAS BELL, and PROGRESSIVE EXPRESS INSURANCE COMPANY,<br><br>Defendants. | ) | CIVIL ACTION FILE NO.: ______________ |

## COMPLAINT

COME NOW Plaintiffs in the above-styled action and hereby file this Complaint, seeking damages for a tractor-trailer wreck caused by Defendants, showing the Court as follows:

## PARTIES

1. Plaintiffs Sean Edward Meehan (hereinafter also referred to as "Sean Meehan"), Tamara Michele Meehan (hereinafter also referred to as "Michele Meehan"), and L.M. are all citizens and residents of the State of Georgia. L.M., a minor child, is identified in this Complaint only by her initials to prevent public

disclosure of her name. Plaintiffs' counsel have disclosed L.M.'s full name to Defendants pre-suit, and all parties consent to Plaintiff proceeding in her initials. In addition to his own claims, Sean Edward Meehan also brings the claims of L.M. as her parent, next friend, and natural guardian.

2. Defendant R&L Bell Trucking, LLC, (hereinafter referred to as "Defendant(s)" or "R&L Bell Trucking") was established in the State of Florida, has its principal place of business in the State of Florida, and therefore is a citizen of the State of Florida. R&L Bell Trucking, LLC operates, conducts, engages in, and carries on business in the State of Georgia. R & L Bell Trucking, LLC may be served through its Florida registered agent, Ronald Bell, 2602 Mayfair Road, Tallahassee, Florida 32303.

3. Defendant Ronald Douglas Bell (hereinafter also referred to as "Defendant(s)" or "Bell") is a citizen and resident of the State of Florida and may be served at his personal residence located at 2602 Mayfair Road, Tallahassee, Florida 32303.

4. Defendant Progressive Express Insurance Company (hereinafter also referred to as "Defendant(s)" or "Progressive Insurance") was incorporated in the State of Ohio and has its principal place of business in the State of Ohio and is therefore a citizen of the State of Ohio. At the time of the subject collision, Progressive Insurance provided a policy of liability insurance to R&L Bell

Trucking, a motor common carrier for hire, and Ronald Bell, the same being policy of insurance number 02837027-1. Said policy was in effect on September 1, 2017, and provides the primary insurance coverage for the subject incident. Progressive Insurance is an Ohio corporation subject to suit by direct action pursuant to the provisions of O.C.G.A. §§ 40-1-112, 40-2-140, *et seq*. Service may be made upon Progressive Insurance's registered agent, CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

## **JURISDICTION AND VENUE**

5. This Court has diversity jurisdiction over the claims in this complaint because the amount in controversy exceeds the sum of $75,000.00 and is between citizens of different states. 28 U.S.C. §1332(a)(1).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3.4, Middle District of Georgia, as the wreck that inflicted the injuries upon Plaintiffs occurred in Grady County, Georgia, within the Middle District of Georgia, Albany Division.

## **STATEMENT OF FACTS**

7. On or about September 1, 2017, at approximately 3:40 P.M., Sean Meehan was driving a truck towing an RV on U.S. 319, southbound, in Grady County, Georgia, approaching at its intersection with Meridian Road. Plaintiffs Tamara Meehan and L.M. were passengers in the vehicle.

8. At the same time and date, Bell, on behalf of R&L Bell Trucking, was driving a tractor-trailer owned by R&L Bell Trucking, hauling a load of logs, west on Meridian Road in Grady County, Georgia, approaching its intersection with U.S. 319.

9. On September 1, 2017, and at all relevant times Bell was an employee and agent of R&L Bell Trucking acting within the course and scope of his employment at all times for R&L Bell Trucking.

10. Bell was driving the tractor-trailer under the DOT authority and number of R&L Bell Trucking, DOT number 2838540, and R&L Bell Trucking is therefore responsible for the actions of Bell.

11. R&L Bell Trucking transports general commodities freight throughout Georgia and nationwide.

12. Bell negligently failed to stop at the stop sign on Meridian Road at US 319, negligently failed to yield the right of way to the Meehan vehicle, and negligently proceeded into the intersection and into the path of the Meehan vehicle.

13. Sean Meehan immediately applied his brakes, acting reasonably under the conditions and circumstances then existing, but could not avoid a collision with Bell's tractor trailer and the vehicles violently collided.

14. Sean Meehan at all relevant times operated his vehicle in a safe and prudent manner under the circumstances then existing and is free of fault.

15. At all relevant times, Michele Meehan and L.M. acted with reasonable care under the conditions and circumstances then existing and were completely free of any negligence with regard to the incident at issue.

16. Bell was found by the investigating Georgia State Patrol officer to be at fault for causing the collision and was cited for failure to yield when entering or crossing a roadway in violation of O.C.G.A § 40-6-73.

17. During a post-incident commercial motor vehicle inspection of Bell's tractor-trailer, the investigating officers found several "out-of-service" equipment violations, including inoperative brakes, tire tread depth violations, an exposed belt, inoperative turn signal, and improper tractor protection valve, and cited Bell for operating an unsafe, improperly-equipped vehicle in violation of O.C.G.A § 40-8-7 and Federal Motor Carrier Safety Regulations ("FMCSR"). Due to these "out-of-service" violations, Bell was operating his vehicle in violation of federal and state law and should not have been on the road at the time of the incident.

18. On July 13, 2017, Defendant Bell was cited for operating the subject tractor trailer with out-of-service violations for brakes, tire tread depth, and non properly functioning turn signal.

**COUNT ONE**
**NEGLIGENCE**

19. Plaintiffs adopt and re-allege the above paragraphs as if fully set out herein.

20. Bell owed a duty of care to his fellow drivers, including the Plaintiffs, to keep a proper lookout and to properly maintain the tractor-trailer, among other duties.

21. Bell's negligence included, but is not limited to, one or more of the following: negligently failing to obey a traffic control device (O.C.G.A. § 40-6-20), negligently failing to yield (O.C.G.A. § 40-6-73), negligently failing to exercise due care (O.C.G.A. § 40-6-241), negligently causing a collision in the roadway, negligently failing to maintain his vehicle under proper control, negligently traveling at an inappropriate speed under the circumstances then existing, negligently failing to keep a proper lookout, negligently failing to use or sound a signal or warning, negligently failing to make timely and proper application of brakes, negligently failing to account for the whereabouts of Plaintiffs' vehicle before driving into the lane of travel of Plaintiffs' vehicle, and any other acts of negligence that may be proven at trial.

22. Bell failed to operate his vehicle with the due care exercised by individuals in like or similar circumstances and operated their vehicles in a manner showing a disregard for the safety of others, including Plaintiffs.

23. Bell's actions constituted negligence in operating his vehicle contrary to the reasonable and safe conditions and circumstances then existing.

24. Bell's actions constituted negligence by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain, and emotional distress to Plaintiffs.

25. At the time of the subject incident and all relevant times, Defendant Bell was acting at the direction and under the control of Defendant R&L Bell Trucking, was an agent and employee of Defendant R&L Bell Trucking, operating Defendants' vehicle in the course and scope of his employment and agency with Defendant R&L Bell Trucking, and with R&L Bell Trucking's permission. Defendants are jointly and severally liable, and R&L Bell Trucking is liable for the actions of Bell under theories of *Respondeat Superior*, vicarious liability, and agency principles.

26. Defendants were negligent in failing to adhere to routine and common industry standards regarding operation of the tractor-trailer at issue, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiffs, and negligently failing to maintain the tractor trailer in the condition required by the Federal Motor Carrier Safety Regulations and state law.

27. Defendants failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, and R&L Bell Trucking and Bell failed to adhere to pertinent parts of the Georgia motor carrier regulations, and all applicable federal motor carrier regulations.

28. Defendants were and are negligent *per se*.

29. Defendants were negligent for all other acts of negligence as may be shown at trial.

30. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and pain and suffering. Defendants' acts and failures to act were a cause-in-fact and a proximate cause of such injuries and pain and suffering to Plaintiffs. All Defendants are jointly and severally liable for the acts and claims set forth herein.

31. As a result of Defendants' negligence, L.M. sustained severe and permanent injuries and damages. As a result of the injuries suffered by L.M., Sean Meehan and Michele Meehan incurred past medical expenses exceeding $20,000.00 and will continue to incur medical expenses for L.M. in the future in an amount to be proven at trial.

32. The injuries sustained by L.M. were the direct and proximate result of the negligence of the Defendants. But for said negligence, L.M. would not have

suffered serious injuries, physical pain, mental and psychological suffering and other injuries as proven at the trial of this matter.

33. Plaintiff Sean Edward Meehan is the lawful husband of Tamara Michelle Meehan and has suffered loss of consortium, companionship, and services of Tamara Michelle Meehan and is entitled to recover for such damages in an amount to be proven at trial.

34. Plaintiff Tamara Michelle Meehan is the lawful wife of Sean Edward Meehan and has suffered loss of consortium, companionship, and services of Sean Edward Meehan and is entitled to recover for such damages in an amount to be proven at trial.

35. As a proximate and foreseeable result of the negligence of Defendants, Sean Meehan, individually and on behalf of L.M., is entitled to recover for his and L.M.'s injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted. As a proximate and foreseeable result of the negligence of Defendants, Tamara Michele Meehan, individually, is entitled to recover for her injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted.

Plaintiffs Sean Edward Meehan and Tamara Michele Meehan, individually, and Sean Edward Meehan on behalf of L.M., state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal and physical injuries;
b) Past, present and future pain and suffering;
c) Past, present, and future lost wages for Sean Edward Meehan and Tamara Michele Meehan;
d) Past, present and future medical expenses for Sean Edward Meehan likely exceeding $7,000.00;
e) Past, present and future medical expenses for Tamara Michele Meehan likely exceeding $33,000.00;
f) Past, present and future medical expenses for L.M. likely exceeding $20,000.00;
g) Permanent injuries;
h) Mental anguish;
i) Disability;
j) Emotional distress;
k) Disfigurement;
l) Loss of the capacity for the enjoyment of life;

m) Plaintiffs Sean Edward Meehan and Tamara Michelle Meehan have both suffered loss of consortium, companionship, and services;

n) Impaired ability to labor;

o) Incidental expenses;

p) Consequential damages to be proven at trial; and

q) All items of damages recoverable under Georgia law.

36. The injuries suffered by Plaintiffs as described herein are continuing and permanent in nature.

37. Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Progressive Insurance is liable to Plaintiffs and responsible for payment of damages incurred by Plaintiffs as a result of the negligent acts of R&L Bell Trucking and Bell pursuant to Georgia Direct Action Statutes and is subject to suit by direct action pursuant to O.C.G.A. §§ 40-1-112, 40-2-140, et seq.

**COUNT TWO**
**NEGLIGENT MAINTENANCE**

38. Plaintiffs adopt and re-allege the above paragraphs as if fully set out herein.

39. Defendants had a duty to at all times properly maintain the subject tractor-trailer in compliance with all federal and state safety regulations.

40. Despite knowing on July 13, 2017, that the tractor trailer had out-of-service violations, Defendants failed to correct the violations and bring the vehicle into compliance with all federal and state regulations.

41. Defendants knew or should have known at the time of the subject incident that the tractor trailer was not in compliance with all federal and state regulations and should not have been on the road.

42. As a direct and proximate result of Defendants' negligent maintenance of the tractor-trailer, Plaintiffs sustained injuries and conscious pain and suffering. Defendants' acts and failures to act were a cause-in-fact and a proximate cause of such injuries and pain and suffering to Plaintiffs.

43. Plaintiffs are entitled to recover from Defendants for such damages in an amount to be proven at trial

**COUNT THREE**
**NEGLIGENT SUPERVISION, TRAINING, RETENTION, AND ENTRUSTMENT**

44. Plaintiffs adopt and re-allege the above paragraphs as if fully set out herein.

45. R&L Bell Trucking had a duty to implement and utilize proper procedures to evaluate its drivers to ensure they had the skills and expertise necessary for the safe operation of tractor-trailers.

46. R&L Bell Trucking had a duty to prohibit drivers who did not possess the skills and expertise necessary for the safe operation of tractor-trailers from driving the same.

47. For drivers without the skills and expertise necessary for the safe operation of tractor-trailers, R&L Bell Trucking had a duty to supervise, oversee, and train these drivers such that they would gain the skills and expertise necessary to safely operate tractor-trailers on behalf of R&L Bell Trucking.

48. R&L Bell Trucking negligently failed to implement and utilize proper procedures to evaluate, supervise, or oversee Bell's skills and expertise for the operation of said tractor-trailer and so as to ensure that Defendants' vehicles were maintained in compliance with federal and state regulations.

49. Because R&L Bell Trucking had knowledge of, or in the exercise of reasonable care should have had knowledge of, the negligence discussed herein and the dangerous condition(s) created by their actions, R&L Bell Trucking is liable for the negligent supervision, training, and retention of their management, agents and employees, to include but not limited to Bell, and the entrustment of said tractor-trailer to said management, agents and employees, to include but not limited to Bell.

50. R&L Bell Trucking was negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiffs.

51. As a direct and proximate result of R&L Bell Trucking's negligent supervision, training, and retention of Bell, its negligent entrustment of the tractor-trailer to Bell, and its negligent failure to implement and utilize proper procedures to supervise, oversee, or evaluate Bell's skills and expertise for the maintenance and operation of said tractor-trailer, Plaintiffs sustained injuries and conscious pain and suffering. Defendants' acts and failures to act were a cause-in-fact and a proximate cause of such injuries and pain and suffering to Plaintiffs.

52. Plaintiffs are entitled to recover from R&L Bell Trucking for such damages in an amount to be proven at trial.

**COUNT FOUR**
**PUNITIVE DAMAGES**

53. Plaintiffs adopt and re-allege the above paragraphs as if fully set out herein.

54. Bell knew the tractor-trailer he was operating on behalf of R&L Bell Trucking had several out-of-service equipment violations and was an unsafe, improperly-equipped vehicle.

55. R&L Bell Trucking knew the tractor-trailer that Bell was operating on its behalf had several out-of-service equipment violations and was an unsafe, improperly-equipped vehicle.

56. R&L Bell Trucking knew that Bell did not possess the necessary skills and expertise to operate the tractor-trailer in a safe manner.

57. R&L Bell Trucking knowingly failed to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiffs.

58. Despite this knowledge, R&L Bell Trucking and Bell consciously and intentionally failed to take any proper action to fix, maintain, or otherwise mitigate the risk of harm to the public generally, or Plaintiffs in particular, from the tractor-trailer.

59. R&L Bell Trucking and Bell had actual knowledge that the subject tractor-trailer posed severe danger and threat to those on the roadways.

60. R&L Bell Trucking and Bell engaged in intentional misconduct when they placed this defective tractor-trailer on the roadways.

61. R&L Bell Trucking and Bell knew that the defects in the tractor-trailer had a high probability of causing injury or damage to other drivers on the roadways.

62. While operating a commercial motor vehicle with multiple out-of-service violations, Bell failed to stop at the stop sign on Meridian Road and failed to yield the right of way to the Meehan vehicle.

63. These acts and omissions of Defendants show willful misconduct, malice, wantonness, oppression or that entire want of care which raise the presumption of conscious indifference to consequences.

64. Plaintiffs, therefore, pursuant to O.C.G.A. § 51-12-5.1, are entitled to recover punitive damages against Defendants in an amount to be proven at trial.

65. Plaintiffs are entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants and their employees were willful and wanton and showed an entire want of care, which would raise the presumption of a conscious indifference to consequences.

**COUNT FOUR**
**ATTORNEYS' FEES & EXPENSES**

66. Plaintiffs adopt and re-allege the above paragraphs as if fully set out herein.

67. Because Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action pursuant to

O.C.G.A. § 13-6-11 and/or O.C.G.A. § 9-11-68, as well as any other statutory or common law basis.

68. Each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendants, and one or more or all of said herein above-stated acts were the proximate causes of the injuries and damages sustained by the Plaintiffs. Defendants are liable for Plaintiffs' injuries sustained, pain and suffering, the expenses of treatment and all other elements of damages allowed under the laws of the State of Georgia, including all general, special, compensatory, incidental, consequential, economic and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for a judgment to be awarded to them and against the Defendants and pray that:

1) Process issue as provided by law;

2) Plaintiffs be awarded actual damages in amounts to be shown at trial from the Defendants;

3) Plaintiffs be awarded all general, special, compensatory, economic, punitive and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

4) Plaintiffs be awarded punitive damages in an amount to be determined

by the enlightened conscience of the jury;

5) Plaintiffs be awarded a trial by jury; and

6) Plaintiffs have such other relief as this Court deems just and appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury for of all issues triable by jury.

This 7th day of February, 2019.

Respectfully submitted,

**LAW & MORAN**

*/s/ E. Michael Moran*
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Patrick J. Wheale
Georgia Bar No. 546904
*Attorneys for Plaintiffs*

**LAW & MORAN**
563 Spring Street
Atlanta, Georgia 30308
(404) 814-3700
(404) 842-7710 (Fax)

**[signatures continue on following page]**

**SILVIS, AMBROSE,**
**LINDQUIST & COCH, P.C.**

*/s/ Benjamin L. Lindquest (W/E/P by E. Michael Moran)*
Benjamin L. Lindquist
Georgia Bar No. 452960
*Attorney for Plaintiffs*

**SILVIS, AMBROSE LINDQUIST & COCH, P.C.**
220 S. Hansell Street
P.O. Box 31799
Thomasville, Georgia
(229) 228-4258
(229) 228-7586